
JOHN T. GORMAN
Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:     (671) 472-7111
Facsimile:     (671) 472-7120

Attorney for Defendant
IN HYUK KIM

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>IN HYUK KIM,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR 07-00064<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

Defendant, IN HYUK KIM, by and through his counsel of record, John T. Gorman, Federal Public Defender, hereby submits the following proposed jury instructions in the above captioned case.

Mr. Kim respectfully requests leave to submit other and additional instructions as may become appropriate during the course of trial

DATED: Mongmong, Guam, October 23, 2007.

JOHN T. GORMAN
Attorney for Defendant
IN HYUK KIM

# ORIGINAL

# TABLE OF CONTENTS

Duty of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The Charge - Presumption of Innocence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ruling on Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Instructions at the Close of trial

Transcript of Recording in Foreign Language . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Duties of Jury to Find Facts and Follow Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Charge Against Defendant Not Evidence -
Presumption of Innocence - Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Defendant's Decision Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reasonable Doubt - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Jury to be Guided by Official English Translation . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Silence in the Face of Accusation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Character of Witness for Truthfulness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Testimony of Witness Under Grant of Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Witness Who Has Pleaded Guilty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Knowingly - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Mere Presence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Consideration of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Use of Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Conspiracy - Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Conspiracy - Sears Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Alien - Concealment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## INSTRUCTION NO. 1
## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.1

**INSTRUCTION NO. 2**
**THE CHARGE—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges the defendant with once count of Possession of a Stolen Firearm in violation of Title 18, United States Code § 922(j).

The charges against the defendant are contained in the indictment. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of anything.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. Mr. Chen has the right to remain silent and never has to prove innocence or present any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.2

**INSTRUCTION NO. 3**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.3

## INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1.  statements and arguments of the attorneys;

2.  questions and objections of the attorneys;

3.  testimony that I instruct you to disregard; and

4.  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.4

**INSTRUCTION NO. 5**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.6

# INSTRUCTION NO. 6
## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.7

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.8

## INSTRUCTION NO. 8
## TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to listen to a tape recording in a language other than English. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.

Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

### Comment

This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is not in issue. *See, e.g., United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuetes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

*See* Instructions 2.9 (Foreign Language Testimony) for instruction to be used during trial, and 3.20 (Jury to be Guided by Official English Translation/Interpretation) for instruction at the end of the case.

## INSTRUCTION NO. 9
## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.1

# INSTRUCTION NO. 10
## CHARGE AGAINST DEFENDANT NOT EVIDENCE -
## PRESUMPTION OF INNOCENCE - BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.2

**INSTRUCTION NO. 11**
**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.3

## INSTRUCTION NO. 12
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.5

# INSTRUCTION NO. 13
## JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.20

# INSTRUCTION NO. 14
## SILENCE IN THE FACE OF ACCUSATION

Evidence has been introduced that statements accusing the defendant of the crime charged in the indictment were made, and that the statements were neither denied nor objected to by the defendant. If you find that the defendant actually was present and heard and understood the statements, and that they were made under such circumstances that the statements would have been denied if they were not true, then you may consider whether the defendant's silence was an admission of the truth of the statements.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.2

**INSTRUCTION NO. 15**
**CHARACTER OF WITNESS FOR TRUTHFULNESS**

You have heard evidence of the character for truthfulness of [*name of witness*], a witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness' testimony and how much weight to give to it.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.7

**INSTRUCTION NO. 16**
**TESTIMONY OF WITNESS UNDER GRANT OF IMMUNITY**

You have heard testimony from [*witness*], a witness who has received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted, the [*witness*] testimony will not be used in any case against the witness, *etc.*].

In evaluating [*witness*] testimony, you should consider whether that testimony may have been influenced by the government's promise of immunity given in exchange for it, and you should consider that testimony with greater caution than that of other witnesses.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.9

**INSTRUCTION NO. 17**
**WITNESS WHO HAS PLEADED GUILTY**

[*Witness*] has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness' believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.12

## INSTRUCTION NO. 18
## KNOWINGLY - DEFINED

An act is done knowingly if the defendant is aware of the act and does not act, or fai
to act, through ignorance, mistake, or accident. The government is not required to prove that the
defendant knew that his acts or omissions were unlawful. You may consider evidence of the
defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the
defendant acted knowingly.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 5.6

**INSTRUCTION NO. 19**
**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of Alien Smuggling unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 6.9

**INSTRUCTION NO. 20**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.1

## INSTRUCTION NO. 21
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.2

## INSTRUCTION NO. 22
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.2

## INSTRUCTION NO. 23
## VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.5

# INSTRUCTION NO. 24
## CONSPIRACY—ELEMENTS

The defendant is charged in [Count _____ of] the indictment with conspiring to _____ in violation of Section _____ of Title ___ of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about [*date*], and ending on or about [*date*], there was an agreement between two or more persons to commit at least one crime as charged in the indictment; [and]

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it [and;]

[Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed].

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

[An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.]

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 8.16

# INSTRUCTION NO. 25
## CONSPIRACY— SEARS CHARGE

Before being convicted of conspiracy, an individual must conspire with at least one co–conspirator. There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government [agent] [informer] who secretly intended to frustrate the conspiracy.

## Comment

This charge is based upon *Sears v. United States,* 343 F.2d 139, 142 (5th Cir. 1965), which held that "there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *See United States v. Montgomery,* 150 F.3d 983, 995-96 (9th Cir.), *cert. denied,* 525 U.S. 917 (1998).

# INSTRUCTION NO. 26
## ALIEN—CONCEALMENT
### (8 U.S.C. § 1324(a)(1)(A)(iii))

The defendant is charged in the indictment with concealment of an alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, [*alien*] was an alien;

Second, [*alien*] was not lawfully in the United States;

Third, the defendant [knew] [was in reckless disregard of the fact] that [*alien*] was not lawfully in the United States; and

Fourth, the defendant concealed [*alien*] for the purpose of avoiding [*alien*]'s detection by immigration authorities.

An alien is a person who is not [a natural-born or naturalized citizen] [national] of the United States. An alien is not lawfully in this country if [the person was not duly admitted by an Immigration Officer] [the person [*e.g.*, entered the United States for the purpose of performing labor]].

## Comment

*See* Comments following Instructions 9.1 (Alien–Bringing into United States) and 9.2 (Alien–Illegal Transportation).

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 9.3

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on October 23, 2007:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, October 23, 2007.

ALEXANDER A. MODABER
Investigator