**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant In Hyuk Kim*

FILED
DISTRICT COURT OF GUAM

DEC 21 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MI KYUNG BOSLEY, aka Mi Kyung Park, and IN HYUK KIM, aka Dominic,<br><br>Defendants. | CRIMINAL CASE NO. 07-00064<br><br>**DEFENDANT IN HYUK KIM'S MOTION TO SUPPRESS** |

COMES NOW Defendant In Hyuk Kim and moves this Honorable Court to suppress from trial pretrial statements made by his co-defendant Mi Kyung Bosley which implicate Defendant In Hyuk Kim.

**I. INTRODUCTION**

On July 25, 2007, Defendants In Hyuk Kim ("Kim") and Mi Kyung Bosley ("Bosley") (collectively "Defendants") were indicted on the charge of Conspiracy to Commit Alien Smuggling. The Indictment alleges that Defendants were involved in a scheme to falsify the departures from Guam of Korean nationals who had previously entered Guam as tourists on the Korean tourist visa waiver program. This matter is currently set for a joint trial involving both Defendants.

In the discovery provided by the Government there appear to be statements made by Bosley which implicate Kim in the offense charged. It is likely that the Government will seek to use the statements of Bosley as evidence at trial to prove the guilt of Kim. Also, it is the understanding of the undersigned counsel that Bosley will not be testifying at the joint trial.

## II. ARGUMENT

If a co-defendant in a joint trial has made pretrial statements implicating another defendant and the prosecution seeks to introduce the out-of-court statements, the other defendant has a right to exclusion of the confession, severance, or redaction of the pretrial statements implicating him. See Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). If the co-defendant and defendant are to be tried together, all of the out-of-court statements of the co-defendant should be excluded pursuant to the holdings in the United States Supreme Court cases of Bruton and Lilly v. Virginia, 527 U.S. 116, 119 S. Ct. 1887, 144 L. Ed. 2d 117 (1999), because the statements are inextricably intertwined. In Lilly, the question was presented as to whether the accused's Sixth Amendment right "to be confronted with the witness against him" was violated by admitting into evidence at his trial a non-testifying accomplice's entire confession that contained some statements against the accomplice's penal interest and others implicating the accused. The U.S. Supreme Court opined: "In the years since Bruton was decided, we have reviewed a number cases in which one Defendant's confession has been introduced into evidence in a joint trial pursuant to instructions that it could be used against him but not against his co-Defendant. Despite frequent disagreement over matters such as the adequacy of the trial judge's instruction, or the sufficiency of the redaction of the ambiguous references to the declarant's accomplice, we have consistently either stated or assumed that the mere fact that one accomplice's confession qualified as a statement against his penal interest did

2

*USA vs. Mi Kyung Bosley, aka Mi Kyung Park and In Hyuk Kim aka Dominic*;
Criminal Case No. CR07-00064
Defendant In Hyuk Kim's Motion to Suppress    Filed 12/26/2007    Page 2 of 3

not justify its use as evidence against another person." Id. at 128. "Where two Defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing Defendant takes the stand." Cruz v. New York, 481 U.S. 186, 189-90, 193, 107 S. Ct. 1714, 95 L. Ed. 2d 162 (1987).

Here, it is presumed that the Government will seek to present to the jury the pretrial statements of co-defendant Bosley which inculpate Kim. Apparently, Bosley made statements including that Kim was given money and immigration documents to commit the offense and that Kim would throw away the departure record for a client. It is Kim's understanding that Bosley, who is presently off-island, will not be testifying at trial. If Bosley does not testify at the joint trial, then introduction of her out-of-court statements would violate Kim's Sixth Amendment right of confrontation. Accordingly, the statements of co-defendant Bosley relating to Kim must be excluded from trial.

## III. CONCLUSION

Based on the arguments presented and such other and further arguments and evidence may be presented, Defendant In Hyuk Kim respectfully requests that co-defendant Mi Kyung Bosley's pretrial statements which inculpate Kim be excluded from trial.

Dated this 20th day of December, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: /s/ PETER C. PEREZ
PETER C. PEREZ, ESQ.
*Attorneys for Defendant In Hyuk Kim*

K-0021/878-00/0878/PCP/dmg

3

*USA vs. Mi Kyung Bosley, aka Mi Kyung Park and In Hyuk Kim aka Dominic;*
Criminal Case No. CR07-00064
Defendant In Hyuk Kim's Motion to Suppress