1    **LUJAN AGUIGUI & PEREZ** LLP
     Attorneys at Law
2    DNA Building, Suite 300
     238 Archbishop Flores Street
3    Hagåtña, Guam 96910
     Telephone (671) 477-8064/5
4    Facsimile (671) 477-5297
5    *Attorneys for Defendant In Hyuk Kim*

**FILED**
DISTRICT COURT OF GUAM

DEC 2 1 2007

**JEANNE G. QUINATA**
**Clerk of Court**

6

7          **IN THE UNITED STATES DISTRICT COURT**

              **TERRITORY OF GUAM**

8

9    UNITED STATES OF AMERICA,       CRIMINAL CASE NO. CR07-00064

10           Plaintiff,

11             vs.            **DEFENDANT IN HYUK KIM 'S IN LIMINE**
                                **MOTION TO EXCLUDE 404(b) EVIDENCE**

12    MI KYUNG BOSLEY, aka Mi Kyung Park,
     and IN HYUK KIM, aka Dominic,

13            Defendants.

14

15

16       Defendant, IN HYUK KIM ("Kim"), by and through counsel, LUJAN AGUIGUI &

17 PEREZ LLP moves in limine to exclude 404(b) evidence from the trial of this matter, specifically

18 including but not limited to alleged prior bad acts detailed in Report of Investigation paragraph

19 3(A) through (L), which is attached herewith as Exhibit A.

20

21                                 **FACTS**

22       ICE officers Flores and Robertson issued a report concerning the arrest and interview of

23 Kim. See Exhibit A. Contained in the report is a summary of statements purportedly made by

24 Kim to officers concerning uncharged prior acts relating to an 1-94 scheme. Although the

25 government has provided this report in discovery, the government has not notified the defense

26 that it intends to introduce such evidence at trial.

27

28

# IN LIMINE MOTION

Federal Rule of Evidence 404(b) provides:

> (b) Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The evidence contained in the report should be excluded from the trial of this matter because the government has not provided reasonable notice that it intends to introduce such evidence at trial.

Second, introduction of "other acts" evidence is not looked upon with favor. *U.S. v. Mayans*, 17 F.3d 1174(9th Cir.1994):

> We have stated our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing. *Id.* at 1181.

Third, to be admissible in the Ninth Circuit, "other acts" evidence must satisfy four requirements:

1. it must prove a material element of the offense for which the defendant is now charged;

2. the prior conduct must be similar to the charged conduct;

3. proof of the prior conduct must be based upon sufficient evidence; and,

4. the prior conduct must not be too remote in time.

*United States v. Viscarra-Martinez*, 57 F.3d 1506, 1513 (9th Cir. 1995). Moreover, the government must show how the evidence is relevant to one or more issues and must "articulate

2

*USA vs. Mi Kyung Bosley, aka Mi Kyung Park, and In Hyuk Kim aka Dominic;*
Criminal Case No. 06-804-0006      Document 31      Filed 12/21/2007      Page 2 of 9
**Defendant In Hyuk Kim's In Limine Motion to Exclude 404(b) Evidence**

precisely the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence. *U.S. v. Arambula-Ruiz*, 987 F.2d 599, 602-603 (9th Cir. 1993). The burden of proving that evidence of prior bad acts meets these requirements is on the government as the proffering party. *U.S. v. Alfonso*, 759 F.2d 728, 739 (9th Cir.1984). In the instant case the government has not addressed whether or not it can meet this burden.

Kim asserts that such evidence does not prove a material element of the offense for which he has been charged, *Conspiracy to Commit Alien Smuggling*. Kim asserts there was no prior conduct by which to compare the charged conduct. The government has no evidence whatsoever that the prior conduct occurred. Finally, there is no evidence when any alleged prior conduct occurred in order to determine whether or not it is too remote in time. Kim reserves the right to supplement his arguments concerning the government's inability to satisfy the above four requirements should the government attempt to do so.

Even if the government satisfies its burden, the evidence should nevertheless be excluded pursuant to Federal Rule of Evidence 403 which provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Kim has not been presented with the government's position concerning the probative value of the other acts evidence and reserves the right to address this argument should the government do so. Kim does note that prejudice will be substantial when "...a prior conviction...for a crime...similar to [current] charges in a pending case" is admitted as proof against a defendant. *Old Chief v. U.S.*, 519 U.S. 172, 185 (1997).

*USA vs. Mi Kyung Bosley, aka Mi Kyung Park, and In Hyuk Kim aka Dominic;*
Criminal Case No. 08003-0006 Document 31    Filed 12/21/2007    Page 3 of 9
**Defendant In Hyuk Kim's In Limine Motion to Exclude 404(b) Evidence**

## CONCLUSION

The Court should exclude 404(b) evidence from the trial of this matter on the following grounds, *inter alia*: (1) the government has not provided any notice of its intent to introduce 404(b) evidence at trial; (2) introduction of such evidence is viewed by the Ninth Circuit with disfavor; (3) the government has not satisfied its burden concerning the four criteria for other acts evidence; (4) even if the government satisfies said burden the evidence should be excluded pursuant to Federal Rule of Evidence 403; and (5) Kim respectfully reserves the right to supplement his arguments should the government seek to introduce 404(b) evidence and attempt to satisfy its burden for such evidence's admissibility.

Dated this 20th day of December, 2007.

LUJAN AGUIGUI & PEREZ LLP

By:  _____

PETER C. PEREZ, ESQ.
*Attorneys for Defendant In Hyuk Kim*

K-0021/878-00/0878/PCP/dmg

4

*USA vs. Mi Kyung Bosley, aka Mi Kyung Park, and In Hyuk Kim aka Dominic;*
Criminal Case No. 0806-00069 ocument 31     Filed 12/21/2007     Page 4 of 9
**Defendant In Hyuk Kim's In Limine Motion to Exclude 404(b) Evidence**

# EXHIBIT A

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T  O F  I N V E S T I G A T I O N | TECS ACCESS CODE 3 |
|---|---|
| | PAGE    1 |
| | CASE NUMBER GM16CR06GM0005 |

TITLE: IN HYUK KIM

CASE STATUS:    INTERIM RPT

| REPORT DATE<br>080807 | DATE ASSIGNED<br>022106 | PROGRAM CODE<br>2G2 | REPORT NO.<br>005 |
|---|---|---|---|

RELATED CASE NUMBERS: .

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: ARREST AND INTERVIEW OF IN HYUK KIM

SYNOPSIS:

In Hyuk KIM and Mi Kyung BOSLEY are involved in a scheme to falsify the departure from Guam of Korean nationals who enter Guam under the Guam Visa Waiver program and then overstay their authorized 15 days in Guam in order to work at various nightclubs and karaoke bars. KIM, a Korean Airline employee collects the I-94 cards and submits them to CBP for entry into the Non-Immigrant Information System database when in fact the Korean nationals remain in Guam as overstays. On July 25, 2007, In Hyuk KIM and Mi Kyung BOSLEY were indicted by a federal grand jury in Guam for conspiracy to commit Alien Smuggling in violation of 8USC1324 and 18USC371.

On July 31, 2007 RAC/Guam Agents arrested In Hyuk KIM pursuant to a warrant of arrest issued by the District Court of Guam. In Hyuk KIM cooperated in the investigation and admitted to using his position as an airline employee to falsifying the departure of Korean nationals from Guam. Details of KIM's post arrest interview are provided in this report.

| DISTRIBUTION:<br>RACGM SACHL CAKO | SIGNATURE:<br>FLORES    RICHARD  N  SPECIAL AGENT |
|---|---|
| | APPROVED:<br>ROBERTSON    ROBERT   D  RAC-RESIDENT AGENT IN |
| ORIGIN OFFICE: GM<br>GUAM - RAC | TELEPHONE:    0    0    0 |
| | TYPIST: FLORES |

HIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
⊃ ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE   3 |
| --- | --- |
| R E P O R T   O F   I N V E S T I G A T I O N C O N T I N U A T I O N | CASE NUMBER GM16CR06GM0005 |
| | REPORT NUMBER: 005 |

1. On July 25, 2007 In Hyuk KIM aka "Dominic" and Mi Kyung BOSLEY were indicted by a federal grand jury in the District of Guam for Conspiracy to Commit Alien Smuggling, a violation of 8USC1324, 18USC371 and 18USC2. Arrest warrants were issued.

2. On July 31, 2007 at about 5:10 a.m., with the assistance of Guam Customs and Quarantine Agency personnel, KIM was arrested in the employee parking lot of the Guam International Airport as he was getting off from work. Special Agent (SA) Richard Flores along with Task Force Agent (TFA) Erwin Fejeran served KIM a copy of the warrant of arrest and indictment. SA Flores informed KIM that he was being arrested pursuant to the warrant and that he was being transported to the RAC/Guam office for processing.

3. At about 5:30 a.m., SA Flores advised In Hyuk KIM of his constitutional rights at the RAC/Guam office, as witnessed by SA John Duenas. KIM acknowledged, signed and waived his rights and agreed to cooperate with the investigation. KIM provided the following statements to SA Flores and SA Duenas:

   A.  KIM, a naturalized U.S. citizen and long time resident of Guam, began his employment with Korean Air in 2003 as a passenger service agent.

   B.  KIM stated that he was first asked by Won Bae SUH, the owner of Club Volvo, to submit an I-94 Departure Record for one of his Korean female employees to Customs and Border Protection (CBP) to make it appear the Korean female had left prior to the expiration of her authorized stay under the Guam Tourist (GT) Visa Waiver Program. KIM explained that he does not remember the female's name and that he only recalls her as being an employee of SUH.

   C.  KIM received a copy of the female's passport and her original I-94 from SUH and then turned in to CBP the I-94 along with other I-94 Departure Records of legitimate departing passengers of Korean Air flights. This would then allow for the employee to remain on Guam past the authorized fifteen days undetected as a Guam Visa Waiver Violator or GT overstay.

   D.  KIM claimed that initially he received free drinks from SUH's Club in exchange for his service.

   E.  KIM explained that when the GT overstay wished to return to Korea he would change some of the information such as the date of birth of the departing passenger in the Korean Air computer system to reflect on the flight passenger manifest and not reflect information of the individual's original I-94 that KIM submitted to CBP officials.

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE 4 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N  C O N T I N U A T I O N | CASE NUMBER GM16CR06GM0005 |
| | REPORT NUMBER: 005 |

F.   KIM continued to assist SUH with I-94s for approximately a year and was eventually paid $300.00 to $400.00 per I-94 Departure Record that he submitted to CBP.   KIM claims to have assisted SUH with approximately ten I-94s within one year.   KIM stated that he knew the scheme of submitting I-94s to CBP was illegal.

G.   Won Bae SUH eventually told other Korean Bar owners of KIM's ability to falsify the departure of Guam Visa Waiver visitors which prompted others to seek KIM's assistance.   KIM explained that he was approached by the owners of Big Mama Lounge, located in the Royal Orchid Hotel in Tumon, Guam. KIM was only able to identify the owners as Yuji and Aena, both Korean female. KIM claimed to have submitted approximately five I-94s between the years 2004 and 2005.   He claimed to have received $300.00 per document.

H.   KIM then explained that he met Ms. Noh, owner of Club Yeobo, by introduction from the owners of Big Mama Lounge.   He explained that he received and sent out approximately five I-94s for Ms. Noh at Club Yeobo and charged her approximately $400.00 for each document.

I.   He also met a Korean female named Yi Jie who was the owner of Apple Lounge through Ms. Noh.   KIM said that he received nine I-94s from Yi Jie. KIM recalled that he received about five I-94s in the beginning of 2006 and approximately four more in late 2006.   In late 2006, he recalled that he was only paid for three of the four I-94s that were given to him.

J.   KIM also explained that during the year 2006 he heard rumors of an investigation at the airport, which lead him to discard the I-94s he received as opposed to turning them into CBP.   He stated that he still continued to assist in the departure of the GT overstays by changing their passenger information as they checked in for their Korean Air flights back to Korea.

K.   KIM further described how he would receive phone calls at work from people he knew who would ask if certain female passengers posing as Guam Visa Waiver Tourists had passed through immigration inspection.   He explained that he would only inform the callers if the passengers were in CBP secondary inspection.

L.   KIM concluded the interview and provided a written statement in regards to this investigation to SA Richard Flores as witnessed by SA John Tuenas.

.   On July 31, 2007 at about 10:30 a.m., In Hyuk KIM appeared in the District Court of Guam for his initial appearance.   KIM was released on his own recognizance pending trial scheduled for September 24, 2007.

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

080807                    TECS II - LIST OF RELATED RECORDS                PAGE    1
                                                                           TN007066
                           4 RECORDS ARE RELATED TO BASE RECORD
GM16CR06GM0005005    ROI   CGM FLORES            R 080807


P4932610000CGM          AN              YE JU           A F 110979
          SA   SUSPECT, ALIEN                                    SUB-SOURCE

P9G74953200CGM          BOSLEY          MI KYUNG        A F 080776
          SC   SUBJECT OF CURRENT INVESTIGATION                  SUB-SOURCE

P9G74992300CGM          KIM             IN HYUK         D A M 020182
          SC   SUBJECT OF CURRENT INVESTIGATION                  SUB-SOURCE

GM16CR06GM0005     CASE CGM FLORES           R 022106
          IN HYUK KIM

Case 1:07-cr-00064    Document 31    Filed 12/21/2007    Page 9 of 9