

FILED
DISTRICT COURT OF GUAM
JAN 11 2008
JEANNE G. QUINATA
Clerk of Court

LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant In Hyuk Kim*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MI KYUNG BOSLEY, aka Mi Kyung Park, and IN HYUK KIM, aka Dominic,<br><br>Defendants. | CRIMINAL CASE NO. 07-00064<br><br>**DEFENDANT IN HYUK KIM'S REPLY GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS STATEMENTS OF CO-DEFENDANT MI KYUNG BOSLEY** |

COMES NOW Defendant In Hyuk Kim and respectfully submits his Reply to the Government's Response to the Motion to Suppress co-Defendant Mi Kyung Bosley's pretrial statements.

In Defendant In Hyuk Kim's ("Defendant") Motion to Suppress, Defendant moves to exclude the pretrial statements of co-Defendant Mi Kyung Bosley ("Bosley") pursuant to the United States Supreme Court's holding in <u>Bruton v. United States</u>, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The Government, in response, has raised absolutely no argument against exclusion under <u>Bruton</u>. Therefore, the Government consequently concedes to exclusion under <u>Bruton</u>.

While the Government does not challenge Defendant's <u>Bruton</u> argument, it does contend that Bosley's pretrial statements made during the course of the conspiracy are admissible under

the co-conspirator exception to hearsay in Federal Rule of Evidence 801(d)(2)(E). As the Government states in its Response, before admitting into evidence a statement of a co-conspirator, the government must prove the existence of a conspiracy by establishing a prima facie case through the introduction of substantial independent evidence other than the contested hearsay. (Gov't's Response at 6 (citing United States v. Layton, 720 F. 2d 548, 555 (9th Cir. 1983); United States v. Perez, 658 F. 2d 654, 658 (9th Cir. 1981)). "[T]he court must have independent evidence of the conspiracy and of the defendant's connection to it, and must conclude that the statement was made both during and in furtherance of the conspiracy." Layton, 720 F. 2d at 555.

Here, the Government asserts that there is independent evidence to show the existence of a conspiracy and the defendant's connection to it: "the two meetings at King's, her [Bosley's] subsequent rendezvous with the defendant at the Mai'ana Hotel, and the defendant's own statements, which he made at King's on January 16." However, none of this independent evidence establishes either a conspiracy or Defendant's connection to one.

First, the two meetings at King's between the Government's informant and Bosley neither show the existence of a conspiracy nor Defendant's connection to a conspiracy. Both meetings allegedly occurred between Bosley and a Government informant (or "cooperating defendant"). As a conspiracy requires an agreement between at least two individuals to commit a crime and the agreement cannot be established with evidence between one alleged conspirator and a government informant, United States v. Lo, 447 F. 3d 1212, 1225 (9th Cir. 2006), the meetings fail to establish the existence of a conspiracy and Defendant's connection to a conspiracy.

Second, the alleged meeting between Bosley and Defendant at the Mai'ana Hotel fails to show evidence of a conspiracy nor Defendant's connection to a conspiracy. A defendant's mere

2

*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant In Hyuk Kim's Reply Government's Response to
Motion to Suppress Statements of Co-Defendant Mi Kyung Bosley

Case 1:07-cr-00064    Document 37    Filed 01/11/2008    Page 2 of 3

presence at the scene of a crime is not enough to constitute the "slight evidence" of the defendant's knowledge and participation in a conspiracy. See United States v. Weaver, 594 F. 2d 1272, 1275 (9th Cir. 1979). Thus, Defendant's presence at Mai'Ana fails to show a conspiracy nor Defendant's connection to one.

Third, Defendant's alleged statements at King's Restaurant are also insufficient. The statements alone show no alleged conspiracy with Bosley.

Therefore, the Government has failed to meet its burden of showing substantial independent evidence of a conspiracy and Defendant's connection to it. As a result, Bosley's pretrial statements must be excluded.

## III. CONCLUSION

Based on the arguments presented, Defendant In Hyuk Kim respectfully requests that co-defendant Mi Kyung Bosley's pretrial statements.

**RESPECTFULLY SUBMITTED** this 11th day of January, 2008.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
PETER C. PEREZ, ESQ.
*Attorneys for Defendant In Hyuk Kim*

K-0021/878-00/0878/PCP/dmg

3

*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant In Hyuk Kim's Reply to Government's Response to
Motion to Suppress Statements of Co-Defendant Mi Kyung Bosley

Case 1:07-cr-00064 Document 97 Filed 01/11/2008 Page 3 of 3