FILED
DISTRICT COURT OF GUAM
JAN 1 1 2008
JEANNE G. QUINATA
Clerk of Court

**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for In Hyuk Kim aka Dominic*

# IN THE UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>IN HYUK KIM aka DOMINIC,<br><br>Defendant. | CRIMINAL CASE NO. CR07-00064<br><br>**DEFENDANT IN HYUK KIM'S IN LIMINE REPLY MOTION TO EXCLUDE 404(b) EVIDENCE** |

The Defendant, In Hyuk Kim, by and through counsel, LUJAN AGUIGUI & PEREZ LLP replies to the government's opposition to his in limine motion to exclude 404(b) evidence, as follows:

## ARGUMENTS

**1. The government failed to provide reasonable notice of its intent to use 404(b) evidence at trial.**

Federal Rule of Evidence 404(b) requires the government to provide reasonable notice in advance of trial of the general nature of the any such evidence it intends to introduce at trial. In its Response 9:4-5, the government states that "Defendant was advised of these statements in an April 9, 2007, letter to former counsel, FPD John Gorman." A review of said letter, a copy of which is attached as Exhibit A, reveals that the government did not advise the defense that it intended to introduce 404(b) evidence at trial.

## 2. The government failed to address the Ninth Circuit four-part test for admission of other acts evidence.

To be admissible in the Ninth Circuit, other acts evidence must satisfy four requirements: (1) it must prove a material element of the offense charged; (2) the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and, (4) the prior conduct must not be too remote in time. *U.S. v. Viscarra-Martinez*, 57 F.3d 1506, 1513 (9th Cir. 1995). The burden of proving that the evidence of prior bad acts meets these requirements is on the government as the proffering party. *U.S. v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1984). The government however, has not addressed this four-part test in its Response. Should the government be given an opportunity to do so, the defense requests an opportunity to respond.

## 3. The alleged evidence has no basis in fact and is unreliable.

The government has no evidence that any prior bad acts were committed by the Defendant: there is no testimony, no recordings, no videotape, no prior legal proceedings, and no witness accounts. The government may argue that it has the Defendant's statements as evidence of the prior acts. However, those statements are unreliable as they were coerced and subject to a concurrently filed motion to suppress. The statements are not corroborated by any other evidence.

## 4. The "other act" evidence is not inextricably intertwined with the crime charged.

The government argues that the other act evidence is not subject to 404(b) evidence because it is inextricably intertwined with the crime charged. The defense disagrees. The Ninth Circuit has sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge. *U.S. v. Vizcarra-Martinez*, 66 F.3d 1006, 1011 (9th Cir. 1995). In *U.S. v. Williams*, 989 F.2d 1061 (9th Cir 1993), the Ninth Circuit concluded that contemporaneous sales of cocaine and crack by the Defendant were inextricably intertwined with the crime with which the Defendant was charged: the sale of cocaine. In

2

*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant In Hyuk Kim's In Limine Reply
Motion to Exclude 404(b) Evidence

Case 1:07-cr-00064    Document 38    Filed 01/11/2008    Page 2 of 6

*Williams* the Court noted "the policies underlying rule 404(b) are inapplicable when the offense committed as part of a 'single criminal episode' become other acts simply because the Defendant was indicted for less than all of his actions." *Id.* at 1070. The *Williams* case is distinguishable. In the instant case there was no contemporaneous transaction. Mr. Kim did not commit multiple criminal actions as part of a single criminal episode. If the government's evidence is to be believed, which it should not be, it shows that the alleged prior other acts occurred from 2003 to 2006 and that the Defendant discontinued his alleged acts when he learned that an investigation had been undertaken. The Defendant has not been charged for less than all of his actions; there is no reliable evidence of prior actions.

The second circumstance where the Ninth Circuit has permitted other act evidence to be admitted has been when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. *U.S. v. Vizcarra-Martinez* at 1012-1013. In the instant case the other act evidence is not required for the government to present its theory of the case. The government can simply explain to the jury, if this matter is permitted to reach trial, on how it initiated its investigation of the Defendants and what the investigation revealed.

**5. The government has waived the Federal Rule of Evidence 403 argument.**

The defense argued that even if the government satisfies the 404(b) four-part test, the evidence should nevertheless be excluded as its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The government has not responded to this argument. Accordingly, the government has waived argument on this issue and the 404(b) evidence should be excluded. Alternatively, should the

3
*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant In Hyuk Kim's In Limine Reply
Motion to Exclude 404(b) Evidence

Case 1:07-cr-00064    Document 38    Filed 01/11/2008    Page 3 of 6

government be given an opportunity to address this argument, the defense requests a reasonable opportunity to respond.

## CONCLUSION

For the reasons stated and based upon such further arguments and evidence which may be presented, the Defendant respectfully requests the motion be granted.

Dated this 11th day of January, 2008.

LUJAN AGUIGUI & PEREZ, LLP

By: /s/ 
PETER C. PEREZ, ESQ.
*Attorneys for Defendant In Hyuk Kim aka Dominic*

K-0021/878-00/0878/PCP/dmg

4
*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant In Hyuk Kim's In Limine Reply
Motion to Exclude 404(b) Evidence

Case 1:07-cr-00064    Document 38    Filed 01/11/2008    Page 4 of 6

# EXHIBIT A



**U.S. Department of Justice**

United States Attorney
District of Guam

Sirena Plaza, Suite 500     (671) 472-7332
108 Hernan Cortez Avenue     FAX: (671) 472-7334
Hagatna, Guam 96910

August 9, 2007

John Gorman
Federal Public Defender
Suite 501, FHB Bldg.
400 Route 8
Maite, Guam 96910

    Re: <u>United States v. In Hyuk Kim</u>, Cr. No. 07-00064

Dear John,

    I am enclosing the discovery on this case, and a plea offer. I understand that the *Marianas Variety* published the fact of his arrest the next day, so I don't know what he could do for us.

                  Sincerely,

                  LEONARDO M. RAPADAS
                  United States Attorney
                  Districts of Guam and NMI

                  KARON V. JOHNSON
                  Assistant United States Attorney