LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for In Hyuk Kim aka Dominic*


FILED
DISTRICT COURT OF GUAM
JAN 1 1 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>IN HYUK KIM aka DOMINIC,<br><br>Defendant. | CRIMINAL CASE NO. CR07-00064<br><br>**DEFENDANT'S REPLY MOTION TO SUPPRESS FOR MIRANDA VIOLATIONS** |

The government acknowledges that it bears the burden of proving that a Defendant's confession was voluntary. (United States' Response to Defendant's Motions, "Response", 7:15-16). Under Miranda doctrine, however, the burden is *heavy*. ("[A] heavy burden rests on the government to demonstrate that the Defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda* 384 U.S. at 475).

The government argues not all promises to a defendant rise to the level of coercion. Response 7:21. Defendant agrees but notes that "a statement is involuntary if it is extracted by any sorts of threats or violence, [or] obtained by any direct or implied promises, *however slight*, [or] by the exertion of any improper influence. *U.S. v. Bautista-Avila*, 6 F.3d 1360, 1364 (emphasis added).

In its Response, the government cites *People v. Muna*, 999 F.2d 397, where the Ninth Circuit determined, applying a clearly erroneous standard, that the District Court's holding that


ORIGINAL

Muna's contentions that his confession was involuntary because police threatened to impound his car and told him that the co-Defendant and others had implicated him in the crime, and that police had handcuffed him during the ride to the police station were not sufficient to render Muna's confession involuntary. However, the facts of *Muna* are distinguishable from the instant facts. In the instant case, officers promised Mr. Kim that he would be released if he waived his rights and cooperated (the implication being that if he didn't waive his rights and cooperate, he would be incarcerated and his arrest made public). This type of coercion did not exist in the *Muna* case. Additionally, the *Muna* case focused on the confessing Defendant's level of intelligence, an issue distinguishable from the instant facts.

The government also cites *U.S. v. Leon Guerrero*, 847 F.2d 1363 (9th Cir. 1988). In *Leon Guerrero*, the Ninth Circuit concluded that the AUSA's statement that the Defendant's cooperation would be taken into future consideration in any handling of cases involving him was not sufficiently compelling to overbear his free will and rational intellect. The Court noted, the AUSA did not promise the Defendant any tangible benefit. In contrast, in the instant case, agents arrested the Defendant, then threatened and/or promised that if he waived his rights and cooperated, he would be released (and if not, detained) and that his arrest would not be made public (and if not, it would be made public). Mr. Kim's will had been overborne by government threats that his fear of being incarcerated and his arrest being made public would result if he did not waive his rights and cooperate. The *Leon Guerrero* case reiterates the Supreme Court holding, "A statement is involuntary if it is extracted by any sort of threats or violence, [or] obtained by direct or implied promises, however slight, [or] by the exertion of improper influence." *Leon Guerrero* at 1366. *Leon Guerrero* also holds that the "promise must be sufficiently compelling to overbear the suspect's will in light of all the attendant circumstances." *Id.* In the instant case, the government's promises were sufficiently compelling and tangible to overbear Mr. Kim's will.

2
*USA vs. In Hyuk Kim aka Dominic*; Criminal Case No. CR07-00064
Defendant's Reply Motion to Suppress for Miranda Violations
Case 1:07-cr-00064   Document 39   Filed 01/11/2008   Page 2 of 3

The government argues that Defendant's declaration contradicts the physical evidence, when he says that he was only given his Miranda warnings in the police car. Response 8:12-13. The government is mistaken. The defendant does not allege he was given oral Miranda warnings only in the car. He specifically references the execution of the written Miranda warnings form in Declaration paragraphs 10 and 11.

The government argues that "It is incredible that agents would make such a representation [that Mr. Kim would be immediately released as if nothing happened]." Response 8:17. The defense agrees but it is an unfortunate fact that agents will violate a defendant's Constitutional rights in order to extract evidence. That is why the Defendant, like others similarly aggrieved should to deter such government conduct, will not allow this officer coercion to go unchecked.

The government argues, "If, as Defendant alleges, he would be released and his arrest kept secret, how could he ever be prosecuted for this offense?" Response 8: 19-20. The answer is: (1) his case had been under seal at the time of his arrest; (2) the government could continue to keep his case sealed and maintain the secrecy of his arrest; and, (3) the Defendant could be booked and released with a promise to appear in court on a date certain for sealed proceedings.

The Defendant's declaration is truthful and accurate and demonstrates government coercion, requiring suppression of the defendant's statements.

Dated this 11th day of January, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
PETER C. PEREZ, ESQ.
*Attorneys for Defendant In Hyuk Kim aka Dominic*

K-0021/878-00/0878/PCP/dmg
3
*USA vs. In Hyuk Kim aka Dominic;* Criminal Case No. CR07-00064
Defendant's Reply Motion to Suppress for Miranda Violations
Case 1:07-cr-00064   Document 39   Filed 01/11/2008   Page 3 of 3