
## ORIGINAL

1 | kimbrady

2 | LEONARDO M. RAPADAS
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
5 | Hagatna, Guam 96910
Telephone: (671) 472-7332
6 | Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

APR 0 4 2008 ℞.D.

JEANNE G. QUINATA
Clerk of Court

7 | Attorneys for the United States of America

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00064 |
| Plaintiff, | |
| vs. | **UNITED STATES' NOTICE OF BRADY MATERIAL** |
| IN HYUK KIM, | |
| Defendant. | |

COMES NOW the United States and hereby files with the Court a plea agreement and judgment concerning one of the witnesses in the upcoming trial of this matter, Kwang Ho (Mike) Park.

Respectfully submitted this 4th day of April, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney



kparkple

FREDERICK A. BLACK
United States Attorney
MARK E. KONDAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes Street
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America



FILED
DISTRICT COURT OF GUAM

NOV 16 2001

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        vs.<br><br>KWANG HO PARK, a/k/a/,<br>MIKE PARK,<br><br>        Defendant. | CRIMINAL CASE NO. 01-00083<br><br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(e)(1)(C), the United States and the defendant, KWANG HO PARK, a/k/a/ MIKE PARK, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count 2 of the Indictment charging him with Conspiracy to Distribute Crystal Methamphetamine, a/k/a "Ice", in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The government will dismiss Counts 3, 4, 6, 7, 11, 12, 14, 15, 16, and 17 immediately upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for conspiracy to distribute over 50 grams of crystal methamphetamine a/k/a "ice," is incarceration for life with a mandatory minimum term of incarceration of ten (10) years, and a $4,000,000.00 fine. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such term of imprisonment, as well

-1-

as, such restitution as the court may order and a $100.00 special assessment fee. The $100.00 special assessment fee must be paid at the time of sentencing. If the defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him to an additional term of incarceration pursuant to 18 U.S.C. §3583(e)(3). The government will recommend a fine within the Sentencing Guidelines range.

The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant and the government agree that the 1998 edition of the <u>United States Sentencing Commission Guidelines Manual</u> apply in this case and that the guidelines should be calculated in the following manner:

### (OFFENSES INVOLVING DRUGS)

i.      Base Offense Level [§2D1.1(a)(3)(c)(1)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

### Specific Offense Characteristics

ii.      Acceptance of Responsibility [§3E1.1(a)(b)] . . . . . . . . . . . . . . . . . . . . . . . . . . . -3

iii.     Total Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

The parties contemplate that no other increases in the offense level apply and the defendant's criminal history category is I. The resulting guideline range is 168 to 210 months. Pursuant to Rule 11(e)(1)(C), Federal Rules of Criminal Procedure, the defendant and the government agree that the maximum sentence in this case is: (1) incarceration for a term of 168 months; (2) a five year term of supervised release; and (3) a $100 special assessment fee. The parties have concluded the disposition agreed upon serves the interest of justice, provides deterrence and just punishment for the offense. The parties also agree that the United States may in its discretion request the Court to depart below the guideline range when fixing a sentence for this defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure. The United States agrees to consider the totality of the circumstances, including but not limited to the following

-2-

factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

> (1)    the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

> (2)    the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

> (3)    the nature and extent of defendant's assistance;

> (4)    any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

> (5)    the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

4. Defendant understands the Court is not bound to accept this disposition of the case and may reject the agreement either at the time defendant enters his plea or after receiving and considering a presentence report. If the Court accepts this agreement, the Court shall inform defendant that it will embody in the judgment and sentence the disposition provided for in this agreement. If the Court rejects this agreement, the Court shall, on the record, inform the parties of this fact, advise defendant personally in open court or, on a showing of good cause, in camera, that the Court is not bound by this plea agreement, afford defendant the opportunity to then withdraw his plea.

5. The defendant understands that to establish the offense of conspiracy to distribute over 50 grams of crystal methamphetamine, aka "ice," a violation of Title 21, United States Code, Sections 841(a)(1) and 846, the government must prove each of the following elements beyond a reasonable doubt:

> First: there was an agreement between two or more persons to deliver over fifty (50) grams of crystal methamphetamine a/k/a "ice," a schedule II controlled substance, to another person, and;

> Second: the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

-3-

6. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein were used, pursuant to U.S.S.G. 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born on March 29, 1968 and is a citizen of the United States of America..

b. In December 1999, Jun Suk Park told the defendant that he (Jun Suk Park) had arranged for the shipment of 2.8 kilos of crystal methamphetamine, aka "ice," into Guam. The defendant then instructed Sun Woo Eum to find a person who could distribute the 2.8 kilograms of "ice" on Guam. Eum contacted Tae Up An and instructed "An" to travel from Korea to Guam to pick up the 2.8 kilograms of "ice." Eum also told "An" to deliver the 2.8 kilograms of "ice" to Unha Park at the Park's Market in Guam. On December 13, 1999, "An" flew from Korea to Guam. On December 15, 1999, "An" went to room 717 at the Sherwood Hotel and picked up what he thought to be 2.8 kilograms of "ice." "An" actually picked up six plastic baggies that contained 2,800 grams of sham. "An" was arrested when he left the hotel room with the sham. After his arrest, "An" cooperated with the government and delivered the sham to Unha Park. On December 18, 1999, Unha Park was arrested when she accepted the sham from "An." On May 1, 2000, the defendant telephoned a confidential informant, and he told the informant to find Jun Suk Park. The defendant said that Jun Suk Park had "snatched" the "ice" and he (the defendant) would send some people to interrogate Jun Suk Park "harshly."

7. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had

-4-

sufficient opportunity to reflect upon, and understands the following:

      a. the nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

      b. his right to be represented by an attorney;

      c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

      d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

      e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

      f. that he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

      g. that he has had this agreement translated for him into his native language, and he fully understands it

      h. the defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

    9. In exchange for the concessions made by the United States in this agreement and the execution of the agreement itself, the defendant expressly and knowingly waives the right to appeal his sentence (except to an upward departure from the applicable guideline range as agreed upon by the parties) and agrees not to contest such sentence in any post conviction proceeding, including but

//
//
//
//

-5-

1  not limited to writs of habeas corpus or coram nobis concerning any and all motions, defenses,
2  probable cause determinations, and objections which defendant has asserted or could assert to this
3  prosecution and to the court's entry of judgment against defendant and imposition of sentence.

4

5  DATED: 11-15-01

6                                      KWANG HO PARK
                                       Defendant

7

8  DATED: 11-15-01

9                                      LAWERENCE J. TEKER
                                       Attorney for Defendant

10

11                                     FREDERICK A. BLACK
                                       United States Attorney

12                                     Districts of Guam and NMI

13

14  DATED: 11/16/01          By:

15                                     MARK E. KONDAS
                                       Assistant U.S. Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

# UNITED STATES DISTRICT COURT

District of _____ **GUAM**

UNITED STATES OF AMERICA
**V.**

**KWANG HO PARK aka MIKE PARK**

Date of Original Judgment: __09/21/2006__
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

X Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**AMENDED JUDGMENT IN A CRIMINAL**

Case Number:        **CR-01-00083-001**
USM Number:        **88307-002**
**HOWARD TRAPP, Retained Counsel**
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court      ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s)   **II**

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) | Conspiracy to Distribute Crystal Methamphetamine, aka "Ice" | 7/16/2007 | II |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) __III, IV, VI, VII, XI, XII, XIV, XV, XVI & XVII__ ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**NOVEMBER 20, 2007**
Date of Imposition of Judgment



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
   **Dated: Nov 30, 2007**

AO 245C    (Rev. 06/05)Amended Judgement in a Criminal Document 166    Filed 11/30/20    Page 2 of 6
Sheet 2 — Imprisonment                                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page    2    of    6

DEFENDANT:     KWANG HO PARK aka MIKE PARK
CASE NUMBER:   CR-01-00083-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**\*\*TIME SERVED (32 Months and 4 Days).**

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐   a.m.   ☐   p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____   to _____

a _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:    KWANG HO PARK aka MIKE PARK
CASE NUMBER:    CR-01-00083-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**FIVE YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

**X**    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

**X**    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:    KWANG HO PARK aka MIKE PARK
CASE NUMBER:    CR-01-00083-001

Judgment—Page ___4___ of ___6___

## ADDITIONAL SUPERVISED RELEASE TERMS

1.  Defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. He shall submit to up to eight drug tests a month for use of a controlled substance under the direction of the U.S. Probation Office.

2.  Defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall also make co-payment for a program at a rate to be determined by the U.S. Probation Office.

3.  Defendant shall refrain from the use of all alcoholic beverages.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___5___ of ___6___

DEFENDANT:      KWANG HO PARK aka MIKE PARK
CASE NUMBER:    CR-01-00083-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ WAIVED | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      KWANG HO PARK aka MIKE PARK
CASE NUMBER:    CR-01-00083-001

Judgment — Page __6__ of __6__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.