IHKim

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' RESPONSE** |
| vs. | ) | **TO DEFENDANT'S MAY 27, 2008** |
| | ) | **MEMORANDUM** |
| IN HYUK KIM, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant was arrested at 5:30 in the morning, and brought to the ICE office. He was advised of his rights and confessed. The court has already heard defendant's motion to suppress on grounds of it being involuntary. Later in the morning, Mr. Gorman of the Federal Public Defender's Office consulted with defendant and advised him to cooperate with other investigations ICE was conducting. Thereafter, defendant gave information relating to other targets in the Korean karoke-bar scene which ICE was investigating. Mr. Gorman and government counsel agreed this information would be considered a Rule 11 proffer and not used against the defendant in any way.

    Defendant wants the reports of these later interviews for a pending motion to suppress. What is there to suppress? It is axiomatic that the exclusionary rule applies to evidence which the government intends to use against the defendant and which he contends was obtained unlawfully. If the government does not intend to introduce the evidence, there is nothing to suppress.

1  None of the statements defendant made during his later interviews with ICE are going to be
2  used by the government, ever. The only statement which will be offered is the one made to ICE at
3  5:30 a.m., before Mr. Gorman was involved with the defendant, and which the court has already
4  heard motions on. If defendant anticipates another motion to suppress concerning his 5:30 a.m.
5  confession, the government objects: he has already had an opportunity to move against this
6  confession, and he should not be given multiple bites at the same apple.

Defendant correctly cites FRCrP 16(a)(1)(A), that he is entitled to any statements which the government intends to use at trial. The government does not intend to use his Rule 11 statements at trial: they concern other targets, and other crimes by other people. Thus, they are not discoverable. They are not relevant to this case. Defendant appears to invite the court to engage in a bootless exercise, to require the release of Rule 11 reports so defendant can move to suppress statements which are not going to be used against him. The government suggests that it is time to cut off these endless and frivolous motions, and set this matter for trial.

Respectfully submitted this 30th day of May, 2008.

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and NMI

By:   /s/ Karon V. Johnson  
KARON V. JOHNSON  
Assistant U.S. Attorney

- i -